UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____ :
DR. GEORGE PIECZENIK,                   :
                                        :
            Plaintiff,                  :
                                        :  Civil Action No. 10-2230 (JAP)
      v.                                :
                                        :
BAYER CORPORATION, et al.               :
                                        :
            Defendants.                 :
_____ :

DR. GEORGE PIECZENIK,                   :
                                        :
            Plaintiff,                  :
                                        :  Civil Action No. 10-2253 (JAP)
      v.                                :
                                        :
BAYER CORPORATION, et al.               :
                                        :
            Defendants.                 :
_____ :

DR. GEORGE PIECZENIK,                   :
                                        :
            Plaintiff,                  :
                                        :  Civil Action No. 10-2296 (JAP)
      v.                                :
                                        :
BAYER CORPORATION, et al.               :
                                        :
            Defendants.                 :
_____ :

DR. GEORGE PIECZENIK,                   :
                                        :
            Plaintiff,                  :
                                        :  Civil Action No. 10-2327 (JAP)
      v.                                :
                                        :
BAYER CORPORATION, et al.               :  **ORDER**
                                        :
            Defendants.                 :
_____ :

Plaintiff, Dr. George Pieczenik, proceeding *pro se*, filed the above-captioned actions May 4, 5, 6 and 7, 2010, respectively, and the cases were reassigned to the undersigned on June 22, 2010. Each of the four complaints allege claims for infringement of United States Patent No. 5,866,363 as well as violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). Across the four virtually identical complaints (but for different defendants), there are over 100 named defendants.[1]

Federal Civil Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the opposing party notice of what the claim is and the grounds upon which it rests. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Although the pleading standard of Rule 8 "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,  129 S. Ct. 1937, 1949 (2009).  "[A] claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Cummings v. Henn*, Civ. Action No. 09-747, 2009 WL 742736, *2 (D.N.J. March 17, 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

The Court is mindful that a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.[2] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even under this less stringent standard, each of the complaints in the present case fail to meet the pleading requirements of Rule 8.  In particular, the complaints are devoid of factual allegations to support Plaintiff's claims.  For example, Plaintiff does not identify any activity by any defendant that infringes, either directly or indirectly, the '363 patent

---

[1] There are also 244 "John Doe" defendants.
[2]  It is noteworthy, however, that Dr. Pieczenik is not a stranger to litigation, having filed a number of *pro se* lawsuits prior to the instant cases.

other than an extraordinarily broad reference to defendants' "research, commercial and licensing activities." This is too general to provide defendants with the requisite fair notice. *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) (Rule 8 requires "fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

Similarly, with regard to his RICO claim, Plaintiff does not identify any act done by any defendant that would constitute a RICO violation. Further, to the extent that his complaint can be read as seeking a declaration that certain of defendants' patents are invalid, he fails to identify any such patents, and, moreover, there are no allegations from which the Court can discern it has jurisdiction to hear such a claim, *i.e.*, factual allegations showing that an actual case or controversy exists. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (Declaratory judgment jurisdiction only exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")

A district court can dismiss a claim *sua sponte* if it fails to meet the requirements of Rule 8. *See Keyter v. 14,535 U.S. Government Officers*, 2010 WL 658867, at *1 (D. Del. 2010); *Hines v. Rimtec Corp.*, 2007 WL 2332193, at *1 (D.N.J. 2007); *see also Bryson v. Brand insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980) (a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action"). Consequently,

IT IS on this 25th day of June 2010,

ORDERED that, because Plaintiff's complaints do not comport with the requirements of Federal Rule of Civil Procedure 8, the complaints are hereby DISMISSED WITHOUT PREJUDICE to the filing of an amended complaint; and it is further

ORDERED that Civil Action Nos. 10-2230, 10-2253, 10-2296 and 10-2327 are consolidated for all purposes under Civil Action No. 10-2230; and it is further

ORDERED that Plaintiff may file a single consolidated amended complaint in Civil Action No. 10-2230 conforming to all requirements of Rule 8 within 30 days from the date of entry of this Order; and it is further

ORDERED that all pending motions to dismiss the complaint are hereby DISMISSED WITHOUT PREJUDICE as moot; and it is further

ORDERED that upon the filing of an amended complaint, in order to promote the interests of judicial economy and efficient case management, the Court shall appoint from among defense counsel a liaison counsel[3] who will, *inter alia*, advise the Court when service of the amended complaint has been completed on all defendants and, thereafter, coordinate the parties' response(s) to the amended complaint.

**SO ORDERED.**

/s/ JOEL A. PISANO
United States District Judge

---

[3] The Court shall not entertain motions in this regard.

4